O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LESLIE VAN HOUTEN,<br><br>    Petitioner,<br><br>    v.<br><br>DAWN DAVISON, Warden,<br><br>    Respondent. | Case No. CV 09-09355 AG (AN)<br><br>AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Amended Report and Recommendation ("Amended R&R") is submitted to the Honorable Andrew J. Guilford, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California, and supersedes the initial Report and Recommendation ("R&R") issued on January 19, 2011. For the reasons reported below, the Magistrate Judge recommends that the court deny the petition for writ of habeas corpus by a person in state custody ("Petition") pursuant to 28 U.S.C. § 2254 and dismiss this action with prejudice.

///
///
///

# I. BACKGROUND

**A.     State Court Proceedings**

On August 17, 1978, petitioner Leslie Van Houten ("Petitioner") began serving a sentence of life in state prison after her conviction by a jury in the California Superior Court for Los Angeles County (case no. A253156) of two counts of first degree murder and one count of conspiracy to commit first degree murder, arising out of her role in the infamous "Manson Family" murders of Rosemary and Leno LaBianca. (Respondent's Lodged Document ("LD") 1 at 1); *see also People v. Van Houten*, 113 Cal. App. 3d 280, 284, 170 Cal. Rptr. 189 (1980); *In re Van Houten*, 116 Cal. App. 4th 339, 347, 10 Cal. Rptr. 3d 406 (2004).

Petitioner was originally convicted in 1971 of the same three counts in a joint trial with codefendants Charles Manson, Patricia Krenwinkel and Susan Atkins, after which all the defendants received the death penalty. *People v. Manson*, 61 Cal. App. 3d 102, 123-24, 132 Cal. Rptr. 265 (1976). However, the state court of appeal reversed Petitioner's conviction on August 13, 1976, due to the disappearance of her trial attorney before the trial concluded. *Id.* at 217.[1] Petitioner was then tried again on the same charges, and her second trial resulted in a mistrial because the jury was deadlocked. *People v. Van Houten*, 113 Cal. App. 3d at 283. Petitioner's current life sentence is being served pursuant to her convictions in a third trial. *Id.* at 284; *see also In re Van Houten*, 116 Cal. App. 4th at 347.

On August 30, 2007, a parole consideration hearing was held for Petitioner at the California Institution for Women in Corona, California. A panel of the California Board of Parole Hearings ("Board") found Petitioner unsuitable for parole and deferred

---

[1] Petitioner was the only defendant whose conviction was ultimately reversed on appeal. Additionally, while her appeal was pending, the California Supreme Court decided *People v. Anderson*, 6 Cal. 3d 628, 100 Cal. Rptr. 152 (1972), which invalidated the death sentence for all four defendants. *See Manson*, 61 Cal. App. 3d at 124.

1  her next hearing for two years. (LD 1.) Petitioner challenged the August 30, 2007
2  decision by filing subsequent habeas petitions in the California Superior Court for Los
3  Angeles County (case no. BH005534) and the California Court of Appeal (case no.
4  B218604), and then a petition for review in the California Supreme Court (case no.
5  S176461), all of which were denied. (LD 2-10.) The superior court denied the first
6  petition in a reasoned decision, and the state court of appeal and California Supreme
7  Court denied the second and third petitions without comment. (LD 6, 8, 10.)

**B.   Pending Proceedings**

On December 22, 2009, Petitioner, through her counsel, filed the pending Petition containing three claims, two of which comprise her principal argument that the Board's August 30, 2007 decision finding her unsuitable for parole, and the state courts' approval of that decision, violated her right to federal due process because they were unreasonable applications of the California "some evidence" requirement. (Pet. at 5-6; Petitioner's Memorandum of Points and Authorities ("Mem.") (dkt. 2) at 1-32.) Respondent filed an Answer arguing that Petitioner's claims lack merit because she has not shown any violation of clearly established Supreme Court precedent. (Answer at 4-19.) The parties also filed supplemental briefs addressing the Ninth Circuit's en banc opinion in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (dkt. 22&23).

On January 19, 2011, the Magistrate Judge issued the R&R denying Petitioner's claims and recommending dismissal of the Petition (dkt. 25). On January 24, 2011, Petitioner, through her retained counsel, filed Objections (dkt. 26). However, the same day Petitioner filed her Objections, the United States Supreme Court issued *Swarthout v. Cooke*, 562 U.S. ---, --- S. Ct. ----, No. 10-333, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam), which reversed *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010), rejected the Ninth Circuit's erroneous interpretation of clearly established federal law on the standard of review applicable to California parole denials, and invalidated the legal basis of Petitioner's federal due process claims. *Id.* at *2-3.

///

In light of *Cooke*, the court now issues this Amended R&R in accordance with the correct clearly established Supreme Court law governing California parole hearings. This Amended R&R supersedes the R&R in all respects.

## II. DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, a federal court may not grant a state prisoner's application for habeas relief for any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[;]" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d); *see Rice v. Collins*, 546 U.S. 333, 334, 126 S. Ct. 969 (2006); *Williams v. Taylor*, 529 U.S. 362, 405-09, 120 S. Ct. 1495 (2000); *Anderson v. Terhune*, 516 F.3d 781, 786 (9th Cir. 2008) (*en banc*). Recently, the United States Supreme Court unanimously reaffirmed the principle that the AEDPA is limited to:

> preserv[ing] authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."

*Harrington v. Richter*, 562 U.S. ---, --- S. Ct. ----, No. 09-587, 2011 WL 148587, at *12 (U.S. Jan. 19, 2011) (citation omitted).

"Clearly established Federal law" refers to the governing legal principle or principles established by the Supreme Court's holdings, not dicta, at the time the state court renders its decision. *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166 (2003); *Carey v. Musladin*, 549 U.S. 70, 74, 127 S. Ct. 649 (2006). "What matters are

the holdings of the Supreme Court, not the holdings of lower federal courts." *Plumlee v. Masto*, 512 F.3d 1204, 1210 (9th Cir. 2008) (*en banc*). Where no decision of the United States Supreme Court "squarely addresses" an issue or provides a "categorical answer" to the question before the state court, § 2254 (d)(1) bars relief because the state court's adjudication of the issue cannot be contrary to, or an unreasonable application of, governing Supreme Court law. *Wright v. Van Patten*, 552 U.S. 120, 123-26, 128 S. Ct. 743 (2008); *Moses v. Payne*, 555 F.3d 742, 753 (9th Cir. 2009).

A state court decision is "contrary to" governing Supreme Court law if it: (1) applies a rule that contradicts the governing Supreme Court law; or (2) "confronts a set of facts . . . materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *See Brown v. Payton*, 544 U.S. 133, 141, 125 S. Ct. 1432 (2005); *Williams*, 529 U.S. at 405-06. The Supreme Court has emphasized that citation of its cases is not required so long as "neither the reasoning nor the result of the state-court decision contradicts [its governing decisions]." *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362 (2002); *see also Bell v. Cone*, 543 U.S. 447, 455, 125 S. Ct. 847 (2005). What matters is whether the last reasoned *decision* reached by the state court was contrary to Supreme Court law, not the intricacies of the analysis. *Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir. 2002); *see also Richter*, 2011 WL 148587, at *9.

A state court decision involves an "unreasonable application" of governing Supreme Court law if the state court: (1) identifies the correct governing Supreme Court law but unreasonably applies the law to the facts; or (2) unreasonably extends a legal principle from governing Supreme Court law to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. "Unreasonable application" requires the state court decision to be "objectively unreasonable, not just incorrect or erroneous." *Andrade*, 538 U.S. at 65; *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S. Ct. 2527 (2003). More specifically, to establish an "unreasonable application" of clearly established Supreme Court precedent, "a state prisoner must show that the state court's ruling on the claim

being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 2011 WL 148587, at *12.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029 (2003) ("*Miller-El I*") (citing 28 U.S.C. § 2254(e)(1)); *see e.g.*, *Moses*, 555 F.3d at 745 n.1.

AEDPA's deferential standard applies to Petitioner's federal parole claims. Petitioner raised them at each level of the state courts, the last of which was the California Supreme Court, in which she filed a petition for review. (LD 9.) Although the state high court denied these claims without comment or citation (LD 10), that court's silent denial still constitutes a denial "on the merits" for purposes of federal habeas review, and AEDPA's deferential standard of review applies. *Richter*, 2011 WL 148587, at *9. Further, under the "look through" doctrine, federal habeas courts determine what level of deference to apply by looking through the unexplained state court summary denials to the last reasoned decision, which in this case was the superior court's order denying state habeas relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-06, 111 S. Ct. 2590 (1991); *see also Pirtle v. California Board of Prison Terms*, 611 F.3d 1015, 1020 (9th Cir. 2010).

**B.   Due Process Claims**

In grounds one and two, Petitioner alleges a violation of her right to federal due process. She claims the state courts unreasonably upheld the Board's denial of parole because that decision was not supported by "some evidence" in the record that she poses a current threat to public safety. She also contends the Board's and superior court's finding that she continues to lack insight into her offenses was unreasonable. (Mem. at 1-30; Reply at 3-19.)

It is clearly established that "there is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are

under no duty to offer parole to their prisoners." *Cooke*, 2011 WL 197627 at *2; *see also Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100 (1979).

The Ninth Circuit has found California's parole scheme creates a liberty interest such that an inmate has a right to parole "in the absence of some evidence of future dangerousness." *Cooke*, 2011 WL 197627 at *2; *see also Hayward*, 603 F.3d at 562. However, in *Cooke*, the Supreme Court held "[w]hatever liberty interest exists is, of course, a *state* interest created by California law," not a substantive federal right. *Cooke*, 2011 WL 197627 at *2 (emphasis added). In a situation such as California's, where the state's parole scheme creates a liberty interest under state law, federal due process requires *only* fair <u>procedures</u>, "and federal courts will review the application of those constitutionally required procedures." *Id.*

In the context of parole, the constitutionally required procedures "are minimal." *Id.*; *see Jancsek v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987) (*quoting Pedro v. Oregon Parole Board*, 825 F.2d 1396, 1399 (9th Cir. 1987)) (because "parole-related decisions are not part of the criminal prosecution, 'the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated.'"); *Ford v. Wainwright*, 477 U.S. 399, 429, 106 S. Ct. 2595 (1986) ("once society has validly convicted an individual of a crime and therefore established its right to punish, the demands of due process are reduced accordingly"). More specifically, "the minimum procedures adequate for due-process protection . . . are those set forth in *Greenholtz*," that is, an opportunity to be heard and a statement of reasons for the denial of parole. *Cooke*, 2011 WL 197627 at *2-3; *Greenholtz*, 442 U.S. at 16.

Beyond that, the Constitution "does not require more." *Cooke*, 2011 WL 197627 at *2; *Greenholtz*, 442 U.S. at 16. In *Cooke*, the Supreme Court further emphasized "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement. . . . it is no federal concern here whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution

1 demands) was correctly applied." Since the only federal right at issue is *procedural*,
2 the relevant inquiry is what process the inmate received, "not whether the state court
3 decided the case correctly." *Cooke*, 2011 WL 197627 at *3.

4 Here, Petitioner's federal due process parole claims focus exclusively on the
5 *reasons* for the Board's August 30, 2007 denial of parole. (Mem. at 1-32; Reply at 3-
6 19.) Petitioner is not claiming she was denied the minimal procedural due process
7 protections set forth in *Greenholtz*. Moreover, here, as in *Cooke*, the transcript of
8 Petitioner's August 30, 2007 parole consideration hearing reflects Petitioner, who was
9 represented by counsel, was given an opportunity to speak and contest the evidence
10 against her, was afforded access to her records in advance, and was notified of the
11 reasons why parole was denied. (*See* LD 1 at 2, 5-9, 159-61, 169-82.)  To the extent
12 Petitioner contends the California courts incorrectly applied California's "some
13 evidence" rule, that is not a federal concern under the Supreme Court's decision in
14 *Cooke*. 2011 WL 197627 at *3.

15 In light of *Cooke*, Petitioner has not established any basis for concluding the
16 California courts' rejection of her substantive due process parole claims was contrary
17 to, or involved an unreasonable application of, clearly established Supreme Court law.
18 As a result, she is not entitled to federal habeas relief on grounds one and two.

19 **C.  Eighth Amendment Claim**

20 In ground three, Petitioner makes one additional perfunctory argument.
21 Specifically, she asserts the Board's "sordid process" has effectively converted her
22 prison term to life without the possibility of parole, which she claims violates the Eighth
23 Amendment's proscription of cruel and unusual punishment. (Mem. at 31.) This claim
24 also fails. First, Petitioner cites no clearly established Supreme Court precedent for the
25 proposition that a parole board can violate the Eighth Amendment by denying parole.
26 § 2254(d); *see also Wright*, 552 U.S. at 123-26; *Moses*, 555 F.3d at 753. Second,
27 Petitioner's life sentence (*see People v. Van Houten*, 113 Cal. App. 3d at 284) is well
28 within the current statutory range contemplated for first degree murder (*see* CAL. PENAL

1   CODE § 190) and the Board cannot *increase* Petitioner's sentence by denying her parole.
2   An indeterminate sentence is in legal effect a sentence for the maximum term unless the
3   Board acts to fix a shorter term. *In re Dannenberg*, 34 Cal. 4th 1061, 1097-98, 23 Cal.
4   Rptr. 3d 417 (2005); *see also People v. Felix*, 22 Cal. 4th 651, 657-59, 94 Cal. Rptr. 2d
5   54 (2000) (for purposes of California's Determinate Sentencing Act, "both straight life
6   sentences and sentences of some number of years to life are indeterminate sentences .
7   . . .").

8       In addition to her federal due process claims, Petitioner's corollary Eighth
9   Amendment challenge to her parole denial fails on the merits.

### III. RECOMMENDATION

11       In accordance with the foregoing, IT IS RECOMMENDED that the court issue
12   an order: (1) approving and adopting this Amended Report and Recommendation; and
13   (2) directing that judgment be entered dismissing this action with prejudice.

16   Dated: January 28, 2011

                                            ARTHUR NAKAZATO
17                               UNITED STATES MAGISTRATE JUDGE